PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. CRAIG CARL SHOOPMAN					Docket Number: 05-cr-00414-MSK-01

**Petition on Supervised Release**

COMES NOW, Gary W. Phillips, probation officer of the court, presenting an official report upon the conduct and attitude of Craig Carl Shoopman who was placed on supervision by the Honorable James L. Robart sitting in the court at Seattle, Washington, on the 17th day of October, 1991, who fixed the period of supervision at five (5) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of treatment as directed by the probation officer.

**On August 17, 2005, the defendant's conditions of supervised release were modified to include mental health treatment and community corrections center placement if deemed necessary by the probation officer.**

**On September 19, 2005, jurisdiction of the defendant's case was transferred from the Western District of Washington to the District of Colorado and assigned to Your Honor under Case No. 05-cr-00414-MSK-01.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for the purpose of a compliance review hearing.

ORDER OF THE COURT

Considered and ordered this 27th day of June, 2006, and ordered filed and made a part of the record in the above case.

s/Marcia S. Krieger
Marcia S. Krieger
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

s/ Gary W. Phillips
Gary W. Phillips
Senior Probation Officer

Place: Denver, Colorado

Date: June 16, 2006

PROB 12
(02/05-D/CO)

## ATTACHMENT

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the acknowledgment of conditions of supervision signed by the defendant on August 3, 2005, acknowledging that the conditions of supervised release had been read to him, that he fully understood the conditions, and that he had been given a copy of them. The term of supervised release commenced on July 30, 2005.

The purpose for the compliance review hearing is as follows:

On October 17, 1991, the defendant was sentenced in the Western District of Washington by the Honorable James L. Robart to 57 months imprisonment for two counts of Bank Robbery, case number CR91-118C, and 57 and 60 months imprisonment respectively, for Bank Robbery and Possession of a Gun in Commission With a Felony, case number CR91-167C. Sentences in case numbers CR91-118C and CR91-167C were ordered to be run concurrently with one another, and the sentences in case number CR-91-167C (57 and 60 months) were ordered to run consecutive to one another. A supervised release term of five years was ordered to be served on both cases.

On July 30, 2005, the defendant's five-year term of supervised release commenced in the District of Colorado. On August 18, 2005, the defendant's conditions of supervised release were modified to include mental health counseling and 120 day placement in a community corrections center (CCC), if deemed necessary by the probation officer. Due to the defendant's extensive criminal record and history of substance abuse, jurisdiction was transferred on September 19, 2005, from the Western District of Washington to the District of Colorado.

On October 13, 2005, the defendant admitted to his mental health/drug counselor at Addiction Research and Treatment Services (ARTS) that he smoked marijuana on one occasion. On October 17, 2005, I confronted the defendant about his marijuana use and he admitted using marijuana on one occasion on or about October 6, 2005. On November 8, 2005, the defendant provided a random urine at ARTS that tested positive for methamphetamine and amphetamine. On November 18, 2005, I confronted the defendant about his positive test and he admitted to injecting methamphetamine two times, and smoking methamphetamine one time prior to his drug test on November 8, 2005.

As a result of the defendant's positive drug test for methamphetamine and admission to using marijuana, his dual diagnosis counseling at ARTS was increased from monthly individual sessions to bi-monthly individual sessions as well as weekly group counseling commencing on December 6, 2005.

On December 12, 2005, the defendant was seen by psychiatrist Christian Hopfer and prescribed Risperidal to treat symptoms of schizophrenia, paranoid type, and depression. Initially the defendant struggled to take his prescribed medication on a regular basis because he claimed it made him too tired. As of late, the defendant has been taking his medication as prescribed.

On March 21, 2006, the defendant provided a random urine at ARTS that tested positive for cocaine. On March 31, 2006, I confronted the defendant about the positive drug test and he admitted smoking "crack" cocaine on one occasion. As a result of the defendant's positive drug test on March 21, 2006, placement was secured at the Independence House CCC where he has resided since April 21, 2006.

In December 2005, the defendant received funding and began a HVAC program offered through Emily Griffith School of Opportunity. As of this writing the defendant continues to participate in HVAC classes and has continually received A's and had exceptional attendance.

In February 2006, the defendant was approved for social security income benefits and at the end of March 2006, he received approximately $2,900 in back payments. On April 4, 2006, the defendant paid his restitution balance of $934.

The defendant continues to participate in bi-monthly individual and weekly group dual diagnosis counseling sessions at ARTS. All random urines provided since March 21, 2006, have been negative.

PROB 12
(02/05-D/CO)

Since the defendant's placement at the Independence House CCC on April 11, 2006, he has been in full compliance with his conditions of supervision and with the rules and regulations of that facility. Upon the defendant's release from the Independence House CCC in August 2006, he plans to secure a studio apartment in a 55 year old and older community and complete his HVAC classes at Emily Griffith School of Opportunity.